Opinion of the Court, by
Judge Minos.
THIS is a case of mutual account, arising from partnership transactions, with an injunction, and both ties pray an account to be taken by commissioners; but the court dissolved the injunction and dismissed the bill,
(1) If the allegations and proofs do not show any balance in favor of the complaining party, it cannot he er *80 roneous to dismiss such a bill, without an account. This, however, does'not appear to be the cuse here.
(l) Where the allega* t~a ^ shown bal-anco in favor ofthd dord-tyhUsnoiX' necessary to appoint Buttiid bilí may be dismissed, tho’ have'waved an account,
K urili er the rase"10Í"
(f) The booksofa partnership, ■io the inspection of each ^f'nlbe5 tweeTtbem".
The parties commenced their partnership in purchasing horses and mules for foreign market, on the principles of equal shares in expence and profit. Each one progressed in making purchases out of his own mo'-ney, until a fund was created by borrowing. Nol.being skilful in accounts, they caused a common friend to make them a little book, in which should be entered the expenditures ofeach, and it remaine.d with their friend, subject to the inspection and scrutiny of both. In it, one entcrecj his money expended, and sometimes their friend made their fentries for them,
After some time hn'd elapsed, and there had been some loss by the death of horses, and some profit by Síl^üS a«d exchanges, the defendant in the court. below, purchased out the complainant, and was to give him tire hundred dollars for his interest in the adventure, clear of all expences, and of course, he became bound 'L0 ¿tíiclifirge all the partnership debts, and to refund to the complainant what he had expended in the purchases made out of his own funds. The complainant then took the drove to market for the defendant, as a hireling, at the rate of twenty-five dollars per months
The only question worth notice, is* what credit is Í6 be attached to this partnership book, between the parties? Is no charge; in it to be admitted as evidence, unless it is supported by ether proof? oris the book to be (afeen ns correct, prima facie, until it is impeached"? The court below seems to hayegiven it no credit, far-, ther than it was supported by proof aliunde.
(2) Although the book of an individual is not evi-dencc in his favor against others; yet from the very nature of the case, the books of a partnership must be eV-j¿ence between the partners themselves. Their situation is one of confidence. They agree to unite, and as to others,, to become one person, and th’e books of the ^rm are sPea'": their language and record their joint transactions, and there is an understanding that these-books are to be appealed to, to toll their true situation. To admit them as evidence, then, is only effectuating their agreement, and using their own criterion and test) to ascertain the truth. Such book», therefore, kept subject to the inspection of each, must be admitted as correct, until the contrary is shown.
(3) Where, on the heating of a bill for an account between partners, there is great obscurity in the proofs, the chancellor ought not to pronounce a final decree; but should appoint commissioners, with power to take explanatory evidence, and to put interrogatories to the parties on. oath.
Hoggin, for appellant: Crittenden* foraDpelleo.
Admitting this book by this rule, many of'its items are supported, and but one, that is $55 paid to Dixon by the complainant, is impeached. Deducting that item, and the expenditures of the complainant, before the joint funds were obtained by loan, will be $730 50; the hire of his slave, as acknowledged, will be $25 95; his own services on the trip to market, will be $37 50; horses put into the joint stock, $242 50; and the price for which he sold is $500. These added, are equal to $1,536 45. From this, deduct the following credits, which appear to be the only ones admitted or proved with any certainty, to wit: Cash $200; -ditto $470; ditto $50; di(to, on two occasions, $25 each, équal to $60, anda watch, $10.;-and the balance will be $756 45, in favor of the complainant.
The only mode of getting over this balance, is, either by rejecting the partnership books, which we have seetl ought not to be done, or by supposing, that as the complainant received $1,000, borrowed by the firtn, of Col. A. Buford, it must be charged against him. This latter charge is inadmissible on the present proofs; because there is no charge in the answer, or pretence set up, that the complainant kept this money. Besides, the expenditures charged in the book, were all before this money was obtained.
(3) In this estimate, we have only included those items on each side, which can be clearly ascertained; and as there is great obscurity in the proof taken and filed, we do not deem it proper to close the transaction by this estimate, as the report of a commissioner or commissioners, with powers to take explanatory evidence as to other charges, on each side, and even that received from Buford, and to appeal, by pertinent interrogatories, to the consciences of each, on their oath, may shed great light upon the mutual charges, and add to the accounts of each of the parlies. Such appointment ought to be made accordingly, and a final decree to be rendered on their report, on the return of the cause to the court below.
The decree must be reversed with costs, and the cause be remanded, that such proceedings and decree may be rendered, as shall not be inconsistent with this ©pinion.